IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISON

MICHAEL RUSSO,
*Plaintiff*

vs.

SPENCER BARNARD
*Defendant*

CASE NO.

PLAINTIFF DEMANDS A
TRIAL BY JURY

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, **Michael Russo**, hereinafter referred to as Plaintiff, by and through his undersigned counsel, sues the Defendant **Spencer Barnard**, hereinafter referred to as Defendant and alleges:

## JURISDICTION, VENUE AND PARTIES
## GENERAL ALLEGATIONS

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2.      This is an action for damages based upon Gift, Conversion, Reformation, Promissory Estoppel, Equitable Estoppel, Unjust Enrichment, Breach of Written/Express Contract, Breach Of Oral and/or Contract Implied-In-Fact, Fraud, Fraud In The Inducement, Fraudulent Misrepresentation, Negligent Misrepresentation, Constructive Trust and/or Resulting Trust.

3. Plaintiff **Michael Russo**, is a resident of the Friendswood, Galveston County, Texas located within the Southern District of Texas.

4. Defendant **Spencer Barnard** is the proper defendant to this proceeding who is a resident of Palm Beach, Florida, who may be served at his residence as follows:

Spencer Barnard
301 Via Linda
Palm Beach, Florida 33480

5. All matters conditions precedent to the filing and presentation of this claim have been performed.

## FACTUAL ALLEGATIONS

6. Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 5 as though alleged herein.

7. At all times relevant to these proceedings, Defendant Spencer Barnard was married to Plaintiff Michael Russo's sister, Stacey Barnard.

8. On and/or about December 2015, Defendant Spencer Barnard was a resident of the State of Illinois.

9. Defendant Spencer Barnard requested Plaintiff Michael Russo and his family meet with him in Illinois where Defendant Spencer Barnard was a resident for the purpose of offering and extending Plaintiff Michael Russo employment with the Defendant Spencer Barnard to assist with operations of his business(es), personal investments, and/or the creation of additional business(es), inclusive of but not limited to a company named Featherstone.

10. Plaintiff Michael Russo enjoyed a relationship with Defendant Spencer Barnard by way of kinship, personal and/or by way of employment.

11.     Plaintiff Michael Russo relied upon and placed trust in the representations made by Defendant Spencer Barnard to Plaintiff in one or more of the above referenced relationships that had existed prior to and at the time of the events made the basis of this complaint.

12.     Plaintiff Michael Russo would further allege that there exists wide disparity between economic wealth and/or knowledge of the personal and business dealings to which Plaintiff was to provide assistance with and for Defendant.

13.     At such time, Plaintiff Michael Russo had a home, established legal practice in and/or about Galveston, Harris and contiguous counties in Texas, and his children were enrolled in school and participated in extra-curricular activities, among other things.

14.     Plaintiff Michael Russo accepted such employment offer of Defendant Spencer Barnard.

15.     In accord with such employment acceptance and promises made by Defendant Spencer Barnard, Plaintiff Michael Russo suspended and/or reduced his legal practice in Texas, sold his home and relocated his family to Illinois.

16.     Upon agreement and with knowledge of the acceptance and reliance upon the offer of employment by Plaintiff Michael Russo and the expenses Plaintiff was going to incur, that Plaintiff was going to have to sell his home and relocate his family, and/or knowledge that Plaintiff's legal practice in Texas would cease and/or be reduced, among other things, Defendant Spencer Barnard, conveyed and gifted the Plaintiff Michael Russo a home located at 23047 Dublin Way, Frankfort, Illinois 60423, and/or in the alternative, as part of the consideration, payment, remuneration, remittance and/or salary and/or as inducement for Plaintiff to relocate, reduce and/or

suspend Plaintiff's legal practice in Texas, Defendant conveyed ownership, possession, dominion and control of the above described real property and home to Plaintiff. In addition to the transfer of real property, as stated above, Plaintiff was to be paid $10,000.00 a month.

17. Defendant Spencer Barnard purchased such real property and/or home on or about February 2, 2016.

18. On or about February 9, 2016, Defendant Spencer Barnard gave, transferred, delivered to and relinquished control, possession, dominion of such home and/or real property to Plaintiff Michael Russo.

19. On or about February 9, 2016, Plaintiff Michael Russo accepted delivery of the gift of such home and/or real property and in reliance upon such home being gifted to him relocated his family to such home and/or real property and incurred expenses and/or expended labor, time and effort and/or made improvement upon such home and/or real property.

20. Subsequent to the gift and/or transfer of ownership and/or relinquishment of possession, dominion and control of such home and/or real property by Defendant Spencer Barnard to Plaintiff Michael Russo, Defendant Spencer Barnard relocated to and established residence in Palm Beach County, Florida with his spouse, Stacey Barnard.

21. At no time during and/or after such relocation to Florida by Defendant Spencer Barnard was there any notification from Defendant Spencer Barnard that he was going to terminate the employment of Plaintiff Michael Russo and/or that Defendant Spencer Barnard claimed that he retained any ownership or other interest in the home and/or real property above described.

22.   Unfortunately, Defendant Spencer Barnard and/or his spouse Stacey Barnard allegedly experienced martial disharmony for which they have filed for divorce and/or dissolution of their marriage, among other things, which is pending Palm Beach, Florida.

23.   On or about April 2019, Defendant Spencer Barnard issued and/or made threats to and/or against Plaintiff Michael Russo and/or his family regarding employment, compensation, housing, and/or physical among other things.

24.   Subsequently, Defendant issued an apology and reassurance as to Plaintiff's continued employment agreement.

25.   Plaintiff Michael Russo continued to act for and/or on the behalf of Defendant Spencer Barnard until on or about April 2019, when to Plaintiff's surprise, dismay and/or detriment, Defendant Spencer Barnard represented that Defendant would not honor employment agreement, would suspend payment of salary or remittance and would revoke the real property part of the compensation agreement and/or gift to Plaintiff for the time, labor effort and/or services provided in the past and/or into the future.

26.   Subsequently, Defendant made an offer to continue compensation, salary and/or remittance to Plaintiff for past and/or future services through August 1, 2019 which Plaintiff accepted and relied upon to his detriment.

27.   Defendant has failed to pay for past services extended to him by Plaintiff and to honor the agreement to pay for services through August 1, 2019.

28.   In addition, Defendant allegedly has represented and has attempted to revoke and/or rescind and/or claim ownership of the part of the compensation package and/or gift

of the above described home and/or real property to Plaintiff Michael Russo located at 23047 Dublin Way, Frankfort, Illinois 60423.

29.    Subsequently, Plaintiff Michael Russo incurred additional expenses, and/or expended time and labor, among other things, relocating back to Houston and/or Galveston County, Texas as a proximate result of the breach of contract, material representations and/or conduct on part of Defendant.

## COUNT 1 - GIFT

30.    Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 29.

31.    In exchange for relocation to Illinois and for services to be performed, Defendant Spencer Barnard made a gift and conveyance of a home and/or real property to Plaintiff Michael Russo located at 23047 Dublin Way, Frankfort, Illinois 60423.

32.    Plaintiff Michael Russo accepted such gift of the above described home and real property and relied on such gift of the home and real property from Defendant Spencer Barnard and undertook efforts to make improvements and/or modifications upon receipt of such gift.

33.    Plaintiff Michael Russo accepted such gift, relied to his detriment upon such being made and expended labor, effort and expense to and/or upon such home and/or real property and the conduct of Defendant regarding rescission or revocation of ownership and denial of compensation proximately resulted in Plaintiff Michael Russo suffering damages about which he now complains.

## COUNT 2 - CONVERSION

34.    Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 33.

35.   Pleading further, in addition to and/or in the alternative, by and through his actions, representations and/or conduct, Defendant Spencer Barnard has permanently and/or indefinitely, deprived Plaintiff Michael Russo of the above described home, real property, access to such property, reasonable enjoyment and/or use and/or access of such home and real property and/or the value associated with the use, profit and/or rental values associated with such home and/or real property and has failed to pay for compensation for services provided.

36.   Pleading further and/or in addition, as a proximate result of such actions, conduct and/or representations of Defendant Spencer Barnard, such Defendant has converted such home and/or real property to his own, including but not limited to improvements, proximately resulting in Plaintiff Michael Russo suffering damages about which he now complains.

37.   Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo would show that Defendant Spencer Barnard has converted to his own the time, labor and effort of Plaintiff Michael Russo without payment of salary, compensation or remittance owed, in the past and/or in the future all to the damage Plaintiff Michael Russo for which he now complains.

38.   The Defendant Spencer Barnard by and through his actions and/or conduct, has converted to his own the benefits above described, materially breaching the Agreement(s) by and between Defendant and Plaintiff Michael Russo.

39.   As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## **COUNT 3 - REFORMATION**

40.     Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6- 39.

41.     Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard gifted, conveyed, delivered and/or transferred exclusive dominion and control over the above described home and real property to Plaintiff Michael Russo.

42.     However, to the surprise, dismay and detriment of the Plaintiff Michael Russo, the Defendant Spencer Barnard allegedly failed to cause Plaintiff Michael Russo's name to be listed upon the deed to the above described home and/or real property to the detriment of Plaintiff Michael Russo.

43.     Plaintiff Michael Russo would show, among other things, that Defendant Spencer Barnard is attempting to deny that the delivery of the gift of the home and/or real property to Plaintiff Michael Russo by him did not occur because he never conveyed and/or changed the name of the owner on the deed and/or title to the above described home and/or real property.

44.     Plaintiff Michael Russo would show that demonstration of the Defendant Spencer Barnard's unconditional donative intent and/or the parting of possession, dominion and control of the above described home and/or real property is demonstrative of the intent to give and transfer ownership regardless of title transfer and/or conveyance.

45.     Since Defendant Spencer Barnard failed to list the name of Plaintiff Michael Russo upon the title to the above described home and/or real property, such Defendant is acting in a manner or conduct contrary to the gift and/or promise made by him to Plaintiff Michael Russo.

46.     Plaintiff Michael Russo alleges that it is, therefore, inequitable for Defendant Spencer Barnard to have his name to be listed upon the deed and/or title to such

home and/or real property verse that of the name of Plaintiff Michael Russo and the title and/or deed should be reformed to reflect the correct ownership of the home and/or real property upon such deed and/or title.

47.   As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 4 - PROMISSORY ESTOPPEL

48.   Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 47.

49.   Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo detrimentally relied upon the material representations of fact concerning donative intent, the transfer and/or relinquishment of ownership, possession, dominion and control of the real property above described by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

50.   Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo detrimentally relied upon the material representations of fact concerning employment, compensation, remuneration of Defendant Spencer Barnard and provided time, service, labor for which such payment compensation, remuneration has been denied by Defendant Spencer Barnard.

51.   The Defendant Spencer Barnard should have reasonably expected that the promise(s) were made to Plaintiff Michael Russo to induce reliance.

52.   Plaintiff Michael Russo acted in reliance upon such promise(s) of Defendant Spencer Barnard.

53.     Defendant Spencer Barnard has acted in a manner contrary to representation of material fact upon which Plaintiff Michael Russo relied to his detriment, depriving Plaintiff Michael Russo of ownership, possession, dominion and/or control of the above-described real property and home and/or the value thereof.

54.     Defendant Spencer Barnard has acted in a manner contrary to representation of material fact upon which Plaintiff Michael Russo relied to his detriment, depriving Plaintiff Michael Russo of payment of salary, compensation, remuneration or remittance.

55.     Injustice can only be avoided by enforcement of the promise(s).

56.     As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

### COUNT 5 - EQUITABLE ESTOPPEL

57.     Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 56.

58.     Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo detrimentally relied upon the material representations of fact concerning donative intent, the transfer and/or relinquishment of ownership, possession, dominion and control of the real property above described by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

59.     Defendant Spencer Barnard breached such agreement(s) and/or changed his position to deprive Plaintiff Michael Russo of ownership, possession, dominion and control of the real property above described.

60.    Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo detrimentally relied upon the material representations of fact concerning employment, compensation, remuneration, remittance, salary of Defendant Spencer Barnard and provided time, service, labor for which such payment compensation, remuneration has been denied by Defendant Spencer Barnard.

61.    Defendant Spencer Barnard breached such agreement(s) and/or changed his position to deprive Plaintiff Michael Russo of employment, payment compensation, remuneration, remittance, and salary after Plaintiff Michael Russo performed and/or provided time, service and labor to Defendant Spencer Barnard.

62.    As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 6 - UNJUST ENRICHMENT

63.    Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 62.

64.    Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo conferred a benefit upon the above-described real property and home that Defendant Spencer Barnard, by and through his actions, conduct and representations has taken from Plaintiff.

65.    Plaintiff Michael Russo furnished time, labor, services, effort, materials, furnishings and appliances and made improvements, among other things, to and/or upon the above-described real property and home enhancing the value of such real property and value.

66.    Defendant Spencer Barnard had knowledge of the benefits conferred by Plaintiff Michael Russo, inclusive of but not limited to the time, labor service, effort, materials, furnishings and appliances and improvements, among other things, upon the above-described real property and home.

67.    The reasonable value of said time, labor, service, effort, materials, furnishings and appliances and improvements, among other things, is far greater than the value of the real property and home when Defendant Spencer Barnard, gave to and/or relinquished possession, dominion and control of such real property and home to Plaintiff Michael Russo.

68.    Defendant Spencer Barnard voluntarily accepted and retained benefits of the Plaintiff Michael Russo's expenditure of time, labor, service, effort, materials, furnishings and appliances and improvements, among other things without being required to pay for the value of such time, labor, service, effort, materials, furnishings and appliances and improvements.

69.    Pleading further, in addition to and/or in the alternative, Plaintiff Michael Russo furnished Defendant Spencer Barnard, time, labor, service and effort in the performance of employment and/or at the request of Defendant Spencer Barnard upon the reasonable expectation that Defendant Spencer Barnard would pay to Plaintiff Michael Russo, a salary, wage, remuneration and/or remittance.

70.    These benefits were conferred upon Defendant Spencer Barnard who had knowledge thereof.

71.    The reasonable value of such time, labor service, and effort was voluntarily accepted and retained by Defendant Spencer Barnard.

72.     Defendant Spencer Barnard will be unjustly enriched if he is allowed to inequitably retain the above described benefits that proximately resulted from the time, labor, service, effort, and materials and improvements expended by Plaintiff Michael Russo without Defendant Spencer Barnard being required to for the value of such time, labor service and materials.

73.     As a direct and proximate result of Defendant Spencer Barnard's refusal to pay Plaintiff for the fair market values for the value of the time, labor service, effort, materials and appliances and improvements provided by Plaintiff Michael Russo, Defendant Spencer Barnard has been unjustly enriched at the expense and to the detriment of Plaintiff Michael Russo.

74.     As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 7 - BREACH OF WRITTEN/EXPRESS CONTRACT

75.     Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 74.

76.     Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, entered into a written and/or express contract with Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of the above-described real property and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

77.     At all times material hereto, Plaintiff Michael Russo relied and performed upon the representations and terms of the contract and/or agreement made by and between Defendant Spencer Barnard and Plaintiff.

78.     Defendant breached the Contract, and the breach is material.

79.     As a direct and proximate result of the breach of contract, Plaintiff was caused to suffer damages about which he now complains.

80.     Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, entered into a written and/or express contract with Plaintiff Michael Russo in regard to payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

81.     At all times material hereto, Plaintiff Michael Russo relied and performed upon the representations and terms of the contract and/or agreement made by and between Defendant Spencer Barnard and Plaintiff.

82.     Defendant breached the Contract(s), and the breach(es) is/are material.

83.     As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

**COUNT 8 - BREACH OF ORAL AND/OR CONTRACT IMPLIED IN FACT**

84.     Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 83.

85.     Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, entered into an oral and/or contract implied-in-fact with Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of the above-described real property and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

86.  At all times material hereto, Plaintiff Michael Russo relied and performed upon the representations and terms of the contract and/or agreement made by and between Defendant Spencer Barnard and Plaintiff.

87.  Defendant breached the Contract, and the breach is material.

88.  As a direct and proximate result of the breach of contract, Plaintiff was caused to suffer damages about which he now complains.

89.  Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, entered into an oral and/or contract implied-in-fact with Plaintiff Michael Russo in regard to payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

90.  At all times material hereto, Plaintiff Michael Russo relied and performed upon the representations and terms of the contract and/or agreement made by and between Defendant Spencer Barnard and Plaintiff.

91.  Defendant breached the Contract(s), and the breach(es) is/are material.

92.  As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 9 - FRAUD

93.  Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 92.

94.  Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made false statements or representations of material fact to Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of

the above-described real property and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

95.   Defendant Spencer Barnard knew and deliberately made material representation(s) or statements to Plaintiff Michael Russo that were false.

96.   Defendant Spencer Barnard made such material representation(s) or statements with the intent that Plaintiff Michael Russo would act upon such statement(s) or representations.

97.   Plaintiff Michael Russo acted in reliance upon the representation of Defendant Spencer Barnard to his detriment.

98.   As a proximate result of the Plaintiff Michael Russo's reliance on the Defendant Spencer Barnard's fraudulent statement(s) or representation(s), Plaintiff has suffered damaged about which he now claims.

99.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made false statements or representations of material fact to Plaintiff Michael Russo concerning employment, payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

100.   Defendant Spencer Barnard knew and deliberately made material representation(s) or statements to Plaintiff Michael Russo that were false.

101.   Defendant Spencer Barnard made such material representation(s) or statements with the intent that Plaintiff Michael Russo would act upon such statement(s) or representations.

102.   Plaintiff Michael Russo acted in reliance upon the representation of Defendant Spencer Barnard to his detriment.

103.   As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 10 - FRAUD IN THE INDUCEMENT

104.   Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 103.

105.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made representations to Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of the above-described real property and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

106.   Defendant Spencer Barnard made material representation(s) which were false and made with the intent to induce Plaintiff Michael Russo to rely and act upon such representations.

107.    The representation(s) were false and Defendant Spencer Barnard has taken and/or converted ownership, dominion, possession and control of the above described real property and home from Plaintiff Michael Russo and/or in the alternative, has held such above described real property and home from Plaintiff.

108.   The representations were material because Plaintiff Michael Russo detrimentally relied and acted upon such representations, relocating his family and himself from Texas to Illinois, and assumed ownership, dominion, possession and control of the above-described real property and home and made improvements to same and reduced and/or ceased his practice of law in Texas.

109.   Neither Plaintiff Michael Russo nor a reasonable person would have agreed to and/or act in such manner if the Defendant had not made the false misrepresentation.

110.   When the Defendant Spencer Barnard made the statement(s) to the Plaintiff Michael Russo, Defendant knew such statement(s) was/were false and were made knowing that Plaintiff did not know whether the statement was true or false.

111.   When the Defendant Spencer Barnard made the false statement(s), the Defendant's intent was to induce the Plaintiff Michael Russo to act and/or detrimentally rely upon such representations.

112.   The Plaintiff Michael Russo did not otherwise know or suspect the material misrepresentation(s) or statement(s) to be false.

113.   As a proximate result of the Plaintiff Michael Russo's reliance on the Defendant Spencer Barnard's misrepresentation(s), Plaintiff has suffered damaged about which he now claims.

114.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made representations to Plaintiff Michael Russo concerning employment, payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

115.   Defendant Spencer Barnard made material representation(s) which were false and made with the intent to induce Plaintiff Michael Russo to rely and act upon such representations.

116.   Defendant Spencer Barnard representations were false because Defendant Spencer Barnard has taken and/or converted the value of the time, labor, service and/or effort of Plaintiff Michael Russo without paying for his salary, compensation, remuneration and/or remittance.

117. The representations were material because Plaintiff Michael Russo detrimentally relied and acted upon such representations, expending time, labor, service and/or effort for and on behalf of Defendant Spencer Barnard.

118. Neither Plaintiff Michael Russo, nor a reasonable person would have agreed to perform or act in such manner if the Defendant had not made the false misrepresentation.

119. When the Defendant Spencer Barnard made the statement(s) to the Plaintiff Michael Russo, Defendant knew such statement(s) was/were false and were made knowing that Plaintiff did not know whether the statement was true or false.

120. When the Defendant Spencer Barnard made the false statement(s), the Defendant's intent was to induce the Plaintiff Michael Russo to act and/or detrimentally rely upon such representations.

121. The Plaintiff Michael Russo did not otherwise know or suspect the material misrepresentation(s) or statement(s) to be false.

122. As a proximate result of the Plaintiff Michael Russo's reliance on the Defendant Spencer Barnard's misrepresentation[s], Plaintiff has suffered damaged about which he now claims.

## COUNT 11 - FRAUDULENT MISREPRESENTATION

123. Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 122.

124. Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made representations to Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of the above-described real property

and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

125. Defendant Spencer Barnard made material representations which were false because Defendant Spencer Barnard has denied and or taken and/or converted ownership, dominion, possession and control of the above-described real property and home from Plaintiff Michael Russo.

126. The representations were material because Plaintiff Michael Russo detrimentally relied and acted upon such representations, relocating his family and himself from Texas to Illinois, and assumed ownership, dominion, possession and control of the above-described real property and home and made improvements to same.

127. Neither Plaintiff Michael Russo nor a reasonable person would have agreed to and/or act in such manner if the Defendant had not made the false misrepresentation.

128. When the Defendant Spencer Barnard made the material representations and statement(s) to the Plaintiff Michael Russo, Defendant knew such material representations and statement(s) was/were false and were made knowing that Plaintiff did not know whether the material representations and statement(s) was true or false.

129. When the Defendant Spencer Barnard made the false statement(s), the Defendant's intent was to induce the Plaintiff Michael Russo to act and/or detrimentally rely upon such representations.

130. The Plaintiff Michael Russo did not otherwise know or suspect the material misrepresentation(s) or statement(s) to be false.

131.   As a proximate result of the Plaintiff Michael Russo's reliance on the Defendant Spencer Barnard's material misrepresentation(s), Plaintiff has suffered damaged about which he now claims.

132.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made material representations to Plaintiff Michael Russo concerning employment, payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

133.   Defendant Spencer Barnard made material representations which were false because Defendant Spencer Barnard has taken and/or converted the value of the time, labor, service and/or effort of Plaintiff Michael Russo without paying for his salary, compensation, remuneration and/or remittance.

134.   The representations were material because Plaintiff Michael Russo detrimentally relied and acted upon such representations, expending time, labor, service and/or effort for and on behalf of Defendant Spencer Barnard.

135.   Neither Plaintiff Michael Russo, nor a reasonable person would have agreed to perform or act in such manner if the Defendant had not made the false misrepresentation.

136.   When the Defendant Spencer Barnard made the statement(s) to the Plaintiff Michael Russo, Defendant knew such statement(s) was/were false and were made knowing that Plaintiff did not know whether the statement was true or false.

137.   When the Defendant Spencer Barnard made the false material representations/statement(s), upon which the Plaintiff Michael Russo acted and/or detrimentally relied upon.

138. The Plaintiff Michael Russo did not otherwise know or suspect the material misrepresentation(s) or statement(s) to be false.

139. As a proximate result of the Plaintiff Michael Russo's reliance on the Defendant Spencer Barnard's material misrepresentation(s), Plaintiff has suffered damaged about which he now claims.

## COUNT 12 - NEGLIGENT MISREPRESENTATION

140. Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 139.

141. Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made representations to Plaintiff Michael Russo in regard to the relinquishment of ownership, dominion, possession and control of the above-described real property and home by Defendant Spencer Barnard to and/or in favor of Plaintiff Michael Russo.

142. Defendant Spencer Barnard made representation(s) or statement(s) of material fact that he believed to be true but which were in fact false.

143. Defendant Spencer Barnard was negligent in making the material representation(s) or statement(s) because he should have known that such material representation(s) or statement(s) were false.

144. The Defendant Spencer Barnard intended to induce Plaintiff Michael Russo to rely upon the material representations or statements.

145. The Plaintiff Michael Russo justifiably relied upon such material statement(s) and/or representation(s).

146. As a proximate result of such justifiable reliance, the Plaintiff Michael Russo's has suffered damaged about which he now claims.

147.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, made material representations to Plaintiff Michael Russo concerning employment, payment of salary, compensation, remuneration and/or remittance for the expenditure, time, service, effort and labor.

148.   Defendant Spencer Barnard made representation(s) or statement(s) of material fact that he believed to be true but which were in fact false.

149.   Defendant Spencer Barnard was negligent in making the material representation(s) or statement(s) because he should have known that such material representation(s) or statement(s) were false.

150.   The Defendant Spencer Barnard intended to induce Plaintiff Michael Russo to rely upon the material representations or statements.

151.   The Plaintiff Michael Russo justifiably relied upon such material statement(s) and/or representation(s).

152.   As a proximate result of such justifiable reliance, the Plaintiff Michael Russo's has suffered damaged about which he now claims.

## COUNT 13 - CONSTRUCTIVE TRUST

153.   Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 152.

154.   Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, action, conduct, material misrepresentations, and/or fraudulent behavior, Plaintiff Michael Russo has been and is currently being deprived of the ownership, possession, dominion and control of the real property and home above described and/or the value of such real property and home, and in equity and/or good

conscience should be allowed to retain ownership, possession, dominion and/or control of such real property and/or home and/or the value of same.

155.    As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## COUNT 14 - RESULTING TRUST

156.    Plaintiff Michael Russo adopts, incorporates and re-alleges the allegations above referenced in paragraphs 6 - 155.

157.    Pleading further, in addition to and/or in the alternative, Defendant Spencer Barnard, action, conduct, material misrepresentations, and/or fraudulent behavior, Plaintiff Michael Russo has been and is currently being deprived of the ownership, possession, dominion and control of the real property and home above described and/or the value of such real property and home, and in equity and/or good conscience should be allowed to retain ownership, possession, dominion and/or control of such real property and/or home and/or the value of same.

158.    Defendant Spencer Barnard has failed and/or refuses to execute and deliver a deed for the above-described real property and home and/or provide the value thereof to Plaintiff Michael Russo.

159.    Plaintiff Michael Russo would show that based upon material representations that were made, detrimental reliance upon such representations, time, effort, labor and services provided and/or expenses incurred and/or fraudulent conduct among other things, Defendant Spencer Barnard should be obligated in equity to hold legal title to the above referenced real property and home for the benefit of Plaintiff.

160.    As a proximate result of such actions, conduct, promises and/or representations by Defendant Spencer Barnard, Plaintiff Michael Russo has suffered damages about which he now complains.

## DAMAGES

161.    As a direct and proximate result of the above and foregoing, has suffered personal and/or economic losses in the past and in all reasonable probability, Plaintiff will suffer continued economic losses into the future in excess of $75,000.00 and/or a sum far in excess of minimum the jurisdictional limits of the Court .

162.    WHERFORE PREMISES CONSIDERED, Plaintiff Michael Russo demands judgment against Defendant Spencer Barnard for actual damages in excess of $75,000.00; costs of court; attorney's fees and costs; expert witness fees; compensatory damages; prejudgment and post judgment interest; the title to the property be reformed in favor of Plaintiff; and/or in the alternative, that the property be sold at auction, with the proceeds to the Plaintiff; and/or in the alternative, the value associated with such real property and home, its loss of use, and improvements be awarded to Plaintiff; in addition to and/or in the alternative, a declaration that Defendant Spencer Barnard holds the above described real property and home as constructive trustee for the benefit of Plaintiff Michael Russo; a declaration that Defendant does not own or possess any interest in the above described real property and home; ordering the conveyance of the above described real property and home from Defendant to Plaintiff, free and clear of any and all interests, liens and claims; an amount of money to compensate Plaintiff for services provided and for payment agreed upon;  and, any such other and further relief to which the Plaintiff may show

himself to be justly entitled and/or that this Court deems just and proper. Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

**TYLKA LAW CENTER, P.C.**

By: *__/s/Lawrence M. Tylka__*
Lawrence M. Tylka
TB# 20359800
Federal Bar No.: 285
1104 East Main (FM 518)
League City, Texas 77573
(281) 557-1500telephone
(281) 557-1510 telecopier
*__ATTORNEY FOR PLAINTIFF__*